## In re FANNY W. GOODE, Appellant.

### January 23, 1877.

An act approved March 28, 1873, entitled "An act to establish evidence of title to real property, and to restore the records of the same, and to provide for the recording of deeds," is unconstitutional and void in so far as it provides for proceedings which are to culminate in a final judgment; being in conflict with section 32, article 4, of Missouri Constitution of 1865.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*E. P. Johnson*, for appellant, cited: City *v.* Tiefel, 42 Mo. 578; The State *v.* Matthews, 44 Mo. 523; The State *v.* Miller, 45 Mo. 495; Ensworth *v.* Allen, 46 Mo. 454; Fletcher *v.* Peck, 6 Cranch, 87; Dartmouth College *v.* Woodward, 4 Wheat. 625; The State *v.* Cape Girardeau & State Line R. R. Co., 48 Mo. 468; The State *v.* Clark, 54 Mo. 17; Shewalter *v.* Pimer, 55 Mo. 218; Orr *v.* How, 55 Mo. 328; McPike *v.* Allmon, 51 Mo. 551; Webster *v.* Blount,

39 Mo. 500; Vasques v. Richardson, 19 Mo. 96; 1 Ter. Laws Mo. 47, sec. 8, p. 138, sec. 56, p. 423, sec. 2; Acts 1815, p. 414, sec. 58; Springer v. McSpadden, 49 Mo. 299.

*Cline, Jamison & Day*, for respondents, cited: Const. Mo., art 4, sec. 32; The State v. Saline County Court, 51 Mo. 377; Fowle v. City of St. Joseph, 37 Mo. 228; The People v. Hadden, 3 Denio, 226; Sedgw. on Stat. & Const. Law, 2d ed., 271–275; Benjamin v. Benjamin, 1 Seld. 383; Acts 1873, p. 48, sec. 13; Jones v. Carter, 56 Mo. 403; Long v. Higginbotham, 56 Mo. 245; Springer v. McSpadden, 49 Mo. 299; 1 Ter. Laws Mo. 348, secs. 8, 9, p. 350, sec. 18, p. 414, sec. 58, p. 423, sec. 2, p. 444, sec. 3; Geyer's Dig. 49, 119, 122, 128, 404; Speck v. Wohlien et al., 22 Mo. 314; Wolff & Speck v. Wohlien, 33 Mo. 124; Bishop v. Schnaider, 46 Mo. 472; Musick v. Barney, 49 Mo. 458; Joeckel v. Easton, 11 Mo. 125; Bennett v. Hollman, 44 Miss. 323; The State v. Auditor, 41 Mo. 25; Routsong v. Wolf, 35 Mo. 174.

Lewis, P. J., delivered the opinion of the court.

This is a proceeding instituted under "An act to establish evidence of title to real property, and to restore the records of the same, and to provide for the recording of deeds," approved March 28, 1873. The petitioner, substantially following the terms of the act, sets out a claim of title under which she claims the real estate described, embracing a number of deeds, some of which, she alleges, have been lost or destroyed. Her prayer is as follows:

"Wherefore your petitioner prays the honorable court to hear and determine this petition, and adjudge, determine, and decree that the title to the said undivided one-twenty-seventh part of said survey of land belongs to your petitioner, and that the same be vested in her in fee-simple absolute."

The 1st section of the act, with great particularity and much verbiage, provides, in effect, that any person claiming an estate or interest in any lands, whose deeds have been

lost or destroyed, may apply by petition to the Circuit Court of the proper county, setting forth a description of such lands, the nature of his interest therein, and a description of the lost deeds, by dates, contents, and parties therein. He shall also set forth the manner in which his deeds were lost or destroyed, and may pray the court to " hear and make a record of such evidence as the said petitioner or petitioners shall produce, touching or concerning his, her, or their alleged estate or interest in and to said lands described in his or their petition." Nothing here follows indicating that the court is to make any such record as is prayed for. But, in lieu thereof, " upon hearing such testimony and proof of title as is produced by the said petitioner or petitioners, * * * the estate or interest of the said petitioner shall be adjudged and determined by the said court, according to the evidence adduced," etc.

The 2d section provides for notices by newspaper publication, addressed to " all whom it may concern," and by service on such persons as may be in possession of the lands, and for a submission of proofs at the next term of the court.

The 3d section allows any person claiming adverse interest in the lands to appear and answer the petition; when, " if upon a final hearing * * * the court shall find the allegations of said petition to be substantially proved, it shall order a decree * * * adjudging said petitioner or petitioners to be seized of an interest and estate in said lands, according to the allegation and prayer of said petitioner or petitioners, which said decree shall be conclusive against all persons and parties who may appear and answer in said cause, or who shall have been personally served with notice, and shall be *prima-facie* evidence against all other persons claiming said premises, from the time of entering of the said decree."

By the 4th section it is provided that any person claiming an interest in the lands adverse to the decree, who has not been personally notified, and has not appeared and an-

swered, may, upon twenty days' notice, move to open the proceedings; whereupon, proofs shall be heard, and "the court shall adjudge the ownership and title of said lands according to the evidence adduced," etc. If no such motion be made within two years, the decree becomes conclusive against all persons whomsoever, except infants, lunatics, and married women, who may appear within two years after a removal of disability, etc.

The 5th section provides for a recording of the decree, and makes a certified copy evidence, etc.

The 6th section requires the proceedings to conform, " as near as may be, to the rules and practice in civil cases."

The 7th section authorizes a second recording of any deeds, etc., when the first record has been lost or destroyed.

From this synopsis of the entire act two things are apparent: First, that, in all the judicial proceedings contemplated, the only possible result is a judgment or decree of title; which judgment is to be *prima facie* conclusive against some persons, absolutely conclusive against some others, and, in certain conditions, conclusive against all the world. Second, that in none of these proceedings is any action to be taken for " establishing evidence," as that expression is generally understood.

To establish evidence — which means to secure its preservation for possible future use, in a judicial controversy — is one thing; to render a judgment or decree — which ends all controversy — is a very different thing. The one implies that the office of the testimony is yet unfulfilled; the other, that it has performed its functions and may henceforth be dispensed with. In the one case the title or right remains *in statu quo*, and liable to any countervailing proofs by the adverse claimant. In the other it is divested of all existing uncertainty, and freed forever from the adverse and defeated claim. No further argument can be needed to show that the subject of rendering final judgments and decrees is not expressed in the title, " An act to establish

evidence of title to real property, and to restore the records of the same, and to provide for the recording of deeds."

Section 32 of article 4 of the State Constitution of 1865 declares that "no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title; but, if any subject embraced in an act be not expressed in the title, such act shall be void only as to so much thereof as is not so expressed." The act before us violates this commandment in every aspect. Not only does it omit from the title the chief object to be effected by the body of the act; it also excludes from the body the purpose most conspicuously displayed in the title.

The grossest frauds ever perpetrated in the legislation of the past were those wherein an enactment enforced a duty or a measure of which no notice appeared in the title. Careless or unsuspecting citizens and legislators, finding nothing objectionable in the title, were too often indisposed to look any further. The most obnoxious laws have thus gone undetected through all the forms of legislation, under an introductory disguise of innocence or apparent utility. Hence the practical wisdom of the constitutional provision above quoted. If an illustration of the wrongs it may prevent had been specially designed by the framer of the act under consideration, he could not have more happily succeeded. The citizen who should find nothing alarming in the establishment or perpetuation of any possible evidence affecting his right or title might suddenly find the latter imperilled or destroyed by a process of very different import. If he happen not to have been served with personal notice, and to have neither seen nor heard of the newspaper publication "to whom it may concern," for the space of two years, he may find his title divested by a "conclusive" judgment, under the 4th section, and yet never be able to comprehend how such final destruction could lurk in a mere proceeding to "establish evidence."

For the reasons stated we find the act unconstitutional

and void, in so far as it provides for proceedings which, in every instance, are to culminate in a final judgment; no reference being made in the title to any such conclusion. It cannot be assumed that the act could be constitutionally enforced by a decree merely establishing the evidence, without any judgment upon the title. For, the whole proceeding being statutory and in derogation of the common law, it must be strictly followed. No provision is made for a decree or order establishing the evidence, and, therefore, no such decree or order would be authorized.

The provisions not relating to judicial proceedings may have been deemed desirable for the purpose of giving some color to the title of the act. They propose nothing whatever that was not already provided for under the general law.

The parties who appeared or were summoned in this cause, under the provisions of the act, demurred to the petition, as not stating facts sufficient to constitute a cause of action, specifying the unconstitutionality of the legislation relied on, with other objections which we need not notice. The Circuit Court sustained the demurrer. Its judgment is affirmed. All the judges concur.